**Edward McCLEAN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 2006.

Decided Sept. 27, 2006.

Norton H. Brainard, III, Philadelphia, for petitioner.

Teresa H. DeLeo, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEADBETTER.

Edward McClean petitions this court for review of an Unemployment Compensation Board of Review (Board) order that dismissed his appeal as untimely pursuant to Section 502 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 822.

The Board found as follows. McClean filed for Unemployment Compensation (UC) benefits on November 20, 2005. The Department granted his request, and employer appealed. After a hearing, the referee denied benefits to McClean. A copy of this decision was mailed to McClean at his last known post office address, on the same day. A notice accompanying the decision advised that interested parties had fifteen days to file a valid appeal. The decision mailed to McClean was not returned as undeliverable by the postal authorities. McClean's appeal from the referee's decision had to have been filed on or before January 23, 2006, in order to be timely. McClean's appeal was filed on January 24, 2006, by U.S. Mail. McClean attempted to file an appeal by e-mail on January 10, 2006, but there is no evidence that the e-mail was received until January 27, 2006. McClean was not misinformed or misled by the UC authorities regarding his right or the necessity to appeal. McClean's filing of the late appeal was not caused by fraud or its equivalent by administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Findings of Fact Nos. 1–13,

Board Decision (No. B–449541, dated March 27, 2006) at 1–2.

The Board determined that not only did McClean fail to file a timely e-mail appeal, the appeal he filed by U.S. Mail was one day late. Accordingly, the Board determined it had "no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein." *Id.* at 2.

On appeal here, McClean queries: (1) whether the Board applied a harsh interpretation of 34 Pa.Code § 101.82(b)(4), which interpretation was also contrary to the Pennsylvania Supreme Court's interpretation of essentially similar language in Pennsylvania Rule of Civil Procedure No. 205.4(e), regarding electronic filing and service of legal papers; and, (2) in the alternative, whether the Board should have granted McClean an appeal nunc pro tunc, because there was good cause for his late-filed appeal.

As previously noted, the controlling statute in this case is Section 502 of the Law. That section provides in pertinent part:

> The parties and their attorneys or other representatives of record and the department shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision. . . .

43 P.S. § 822.

Moreover, 34 Pa.Code § 101.82(b)(4) provides:

> *Electronic transmission other than fax transmission.* The date of filing is the receipt date recorded by the Department appeal office or the Board's electronic transmission system, if the electronic record is in a form capable of being processed by that system. A par-

ty filing by electronic transmission shall comply with Department instructions concerning format. *A party filing an appeal by electronic transmission is responsible for using the proper format and for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.*

(Emphasis in original and added).

In the matter sub judice, McClean's counsel asserts that, on January 10, 2006, he e-mailed to the UC authorities a timely appeal of the referee's January 6, 2006, decision denying McClean benefits and also asked for a copy of the transcript of the hearing before the referee. Counsel maintains that the e-mail was not returned as undeliverable. He further asserts that, because he received no response, "as a precaution" he followed up on January 24, 2006, and mailed a letter to the UC Service Center in Harrisburg, enclosing a copy of the e-mail he had previously filed on McClean's behalf. Counsel contends that, until the UC Appeals System Administrator sent him a letter dated February 2, 2006, indicating as such, he was unaware that the Board did not timely receive the e-mail appeal he sent on January 10. He complains that the Board, "in what ap-

pears to be a case of first impression dealing with the timeliness of an electronic appeal, applies a mechanical and harsh interpretation" of 34 Pa.Code § 101.82(b)(4). McClean's brief at 8. In this regard, he maintains that there is nothing in the record to dispute a timely filing of the e-mail appeal on January 10. He also argues that the Explanatory Comment to Pa. R.C.P. No. 205.4(e)(2), which rule provides that "[t]he filing party accepts the risk that a document filed by means of electronic filing may not be properly or timely filed with the prothonotary[,]" indicates that this rule, and, by comparison, similarly worded 34 Pa.Code § 101.82(b)(4), were "never intended to punish a litigant or those acting on his or her behalf with the harsh result of outright dismissal of a litigant's case if there was a failure of an electronic transmission." McClean's brief at 10. Rather, the relevant language relating to assumption of the risk was merely to discourage last-minute filing of appeals, which did not occur here.[1]

■ First, having reviewed the relevant documents, we are satisfied that there is record evidence to support the Board's position that McClean's e-mail appeal was filed beyond the statutorily mandated fifteen-day period.[2] As we explained in *Shea*

---

1. This Explanatory Comment provides in part:

> Most importantly, subdivision (e) expressly provides that a "filing party accepts the risk that a document filed by means of electronic filing may not be properly or timely filed with the prothonotary." This latter provision is based upon the concern that the immediacy of the electronic transfer of legal papers may foster increased dependency upon last-minute preparation and filing, leaving insufficient time in which to remedy either a deficiency in the legal paper being filed or the inability to effectuate the filing.

1999 Explanatory Comment to Pa. R.C.P. No. 205.4(e).

2. By letter dated February 2, 2006, Edward P. Rawlings, the UC Appeals System Administrator, wrote McClean's counsel in pertinent part as follows:

> The Pennsylvania UC Law deems timely an appeal filed within fifteen (15) days after the date on which the referee's decision under appeal was mailed. From a review of the record, it appears that you filed an appeal on January 25, 2006. This was more than fifteen (15) days after the referee's decision was mailed on January 6, 2006.

Board Exhibit # 13.

*v. Unemployment Compensation Board of Review*, 898 A.2d 31, 33 (2006): "This fifteen-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter." (Citation omitted). Second, the Explanatory Comment to Pa. R.C.P. No. 205.4(e)(2) certainly does not support McClean's counsel's suggestion that he should have been given more leeway in the application of 34 Pa.Code § 101.82(b)(4) to the facts of this case. We explained in *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290, 1294 (Pa. Cmwlth.1996): "The Department, as authorized by the Legislature, has established strict, unambiguous requirements for filing an appeal with the Board or a referee." Furthermore, "the Pennsylvania Rules of Civil Procedure ... do not apply to proceedings before administrative agencies and commissions." *McGlawn v. Human Relations Comm'n*, 891 A.2d 757, 775 n. 22 (Pa.Cmwlth.2006) (citation omitted). Consequently, the Explanatory Comment to Pa. R.C.P. No. 205.4(e) has no bearing on the outcome of this unemployment matter and the Board's interpretation of its own regulations.

■ As to McClean's alternative assertion that he should have been permitted to file an appeal nunc pro tunc, we note that "[a] nunc pro tunc appeal may be allowed where extraordinary circumstances involving fraud or some breakdown in the administrative process caused the delay in filing, or where non-negligent circum-

stances related to the appellant, his or her counsel or a third party caused the delay." *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 785 (Pa.Cmwlth.2005) [quoting *Cook v. Unemployment Comp. Bd. of Review*, 543 Pa. 381, 671 A.2d 1130 (1996)]. Here, McClean's counsel chose to file an e-mail appeal and, pursuant to the Board's clearly worded regulations, in doing so, he "accept[ed] the risk that the appeal may not be properly or timely filed." 34 Pa.Code § 101.82(b)(4).[3] Assumption of this risk was even noted on the documentation providing how to file a further appeal, which accompanied the referee's decision. While we sympathize with counsel, we believe that he should at least have attempted to ascertain whether the Board had received McClean's e-mail appeal before, rather than after, the statutory time period for appealing the referee's decision had passed.[4] Because he failed to do so, the Board's decision not to grant nunc pro tunc relief was proper. We affirm.

### ORDER

AND NOW, this 27th day of September, 2006, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

---

3. This inherent assumption of the risk, as well as relevant case law on nunc pro tunc relief in UC cases, negates McClean's argument that 1 Pa.Code § 31.15(a)(1), providing for extensions of time to act where reasonable grounds have been demonstrated and there is no law to the contrary, applies to the facts of this case.

4. In fact, counsel for McClean apparently recognized the need for such a precautionary measure when, on January 24, 2006, one day after the appeal period had expired, he mailed a letter to the Board, referencing McClean's earlier e-mail appeal.