IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mathew E. Petro,                          :
                    Petitioner            :
                                          :   Nos.  1819 & 1820 C.D. 2016
            v.                            :
                                          :   Submitted:  September 15, 2017
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED:  December 8, 2017


            Mathew E. Petro (Claimant) petitions for review of the October 4, 2016

order of the Unemployment Compensation Board of Review (Board) which dismissed,

as untimely, Claimant's appeal from a referee's decisions denying him benefits under

section 402(e) of Pennsylvania's Unemployment Compensation Law (Law).[1]

---

[1] Section 402(e) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).  Section 402(e) provides that "an employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act."  43 P.S. §802(e).

## Facts and Procedural History

Claimant was employed by Infiniti of Willow Grove (Employer) as an internet manager. (Claimant's brief at 7.) In January 2013, Employer demoted Claimant to the sales force after he was found to be using the internet while at work. *Id.* Employer laid off Claimant in February 2013 due to slow sales. *Id.* He was subsequently recalled from the layoff in October 2013. *Id.*

After the layoff, on February 26, 2013, Claimant applied for unemployment compensation benefits. (Board's Finding of Fact (F.F.) No. 1; Certified Record (C.R.) at Item No. 1.) On that same day, the Pennsylvania Department of Labor and Industry (Department) sent Employer a notice to indicate that Claimant applied for benefits, asserting that he was unemployed due to lack of work, and to determine whether the information provided by Claimant was accurate. (F.F. No. 5.) Employer did not respond to that notice and provided no evidence to contradict Claimant's assertions in his application. (F.F. No. 6.)

The Department sent an original UC-44F financial determination to Claimant, awarding him benefits under section 401(a) of the Law[2] on February 28, 2013. (F.F. No. 2; C.R. at Item No. 28, Exhibit B32.) Claimant received benefits for the week ending on March 9, 2013, through August 31, 2013, at which time the benefits were exhausted. (F.F. Nos. 7-8.) Claimant filed for emergency unemployment compensation (EUC) beginning with the week ending on September 7, 2013. (F.F. No. 8.)

On October 7, 2013, Employer filed a request for relief from charges with the Department's employer charge division. (F.F. No. 9.) The request asserted that

---

[2] 43 P.S. §801(a).

Claimant was discharged for willful misconduct. (F.F. No. 10.) The Department's benefits division received notice of Employer's request on January 10, 2014. *Id.*

As part of an investigation, the Department mailed Claimant a notification of Employer's allegation on January 15, 2014. (F.F. No. 13; C.R. at Item No. 2.) The Department requested further information from both Claimant and Employer. (F.F. Nos. 13-15.) Although Claimant received the documents, he neither read nor responded to them. (F.F. No. 16; Notes of Testimony (N.T.), 7/13/16, at 32.) Employer, on the other hand, responded that it terminated Claimant due to his theft of company time by surfing the internet for personal use. (F.F. No. 17; C.R. at Item No. 3.)

On January 29, 2014, the Department issued six notices of determination: (1) denying Claimant benefits as of the week ending on March 2, 2013, under section 402(e) of the Law; (2) establishing a $14,638.00 fault overpayment under section 804(a) of the Law; (3) imposing 28 penalty weeks under section 801(b) of the Law; (4) denying EUC benefits as of the week ending on September 7, 2013, under section 4001(b) of Title IV of the Supplemental Appropriations Act of 2008 (EUC Law); (5) establishing a fraud EUC overpayment of $511.00 under section 4005 of the EUC Law; and (6) imposing three penalty weeks under section 801(b) of the Law. (F.F. No. 18; C.R. at Item No. 4.) Copies of the notices of determination were mailed to the Claimant at his last known address. (F.F. No. 19.) The notices included information regarding the deadline by which to appeal the determinations, i.e. February 13, 2014. (F.F. No. 20; C.R. at Item No. 4.)

Although he received the notices, (F.F. No. 21; N.T., 4/23/14, at 6.), Claimant did not timely appeal the Department's determinations by the February 13, 2014 deadline. Rather, he acknowledged that he did not even open the notices of

3

determination until February 18, 2014, under the assumption that the documents pertained to his taxes. (F.F. Nos. 22-23; N.T., 4/23/14, at 6-7.) On February 19, 2014, six days after the appeal deadline, Claimant filed two petitions for appeal.[3] (F.F. Nos. 22-23; C.R. at Item No. 5.)

After a hearing on April 23, 2014, the referee issued two decisions and orders dismissing Claimant's appeals due to their untimeliness pursuant to section 501(e) of the Law. (C.R. at Item No. 11.) Claimant timely appealed each decision to the Board, which issued two orders affirming the referee's decisions on July 23, 2014. (C.R. at Item No. 14.)

Claimant then appealed the Board's orders to this Court. On October 19, 2015, we issued an unreported opinion that vacated the Board's orders and remanded the matter to the Board to conduct a further review of the procedures followed by the Department, namely whether a breakdown in the administrative process occurred.[4] (C.R. at Item No. 15.) In turn, the Board remanded the matter to the referee to gather the evidence requested by this Court. (C.R. at Item Nos. 18-19.) The referee held a hearing on July 13, 2016, at which Stacy Eshleman, a Department representative, and Claimant testified. (C.R. at Item No. 32.) The referee forwarded the transcript to the Board. On October 4, 2016, the Board issued two orders affirming the referee's orders.

---

[3] One petition for appeal related to the denial of Claimant's unemployment compensation benefits under section 402(e) of the Law. The second petition for appeal related to the denial of his EUC benefits.

[4] *See Petro v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., Nos. 1446, 1447 C.D. 2014, filed October 19, 2015).

4

(C.R. at Item No. 33.) Claimant filed a timely appeal of each October 4, 2016 order to this Court.[5]

## Discussion

On appeal,[6] Claimant argues that: (1) the Board erred as a matter of law in determining that Claimant did not establish that his failure to file timely appeals was a result of fraud, a breakdown in the administrative process, or another non-negligent reason; (2) credible evidence of record exists to demonstrate that Claimant was laid off rather than terminated due to alleged misconduct; and (3) the referee lacked the jurisdiction to determine that Claimant was discharged for willful misconduct because Employer failed to appeal the Department's decision of eligibility within 15 days of such determination.

### *Nunc Pro Tunc* Appeal

We begin with Claimant's first argument. Section 501(e) of the Law provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his

---

[5] The appeals to this Court were filed at Nos. 1819 and 1820 C.D. 2016. By order dated January 4, 2017, the matters were consolidated.

[6] On appeal, our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether findings of fact are supported by substantial evidence. *Torres-Bobe v. Unemployment Compensation Board of Review*, 125 A.3d 122, 126 n.3 (Pa. Cmwlth. 2015).

5

last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. §821(e). "This fifteen-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter." *McClean v. Unemployment Compensation Board of Review*, 908 A.2d 956, 959 (Pa. Cmwlth. 2006) (citation and quotations omitted). In certain instances, this limitation can be waived if a claimant "presents adequate excuse for his delay; however, the claimant carries a heavy burden in such cases and is required to prove more than mere hardship; indeed, proof of fraud or its equivalent of the administrative authorities is required." *Staten v. Unemployment Compensation Board of Review*, 488 A.2d 1207, 1209 (Pa. Cmwlth. 1985). If the claimant meets that burden, a *nunc pro tunc* appeal may be allowed if there are "extraordinary circumstances involving fraud or some breakdown in the administrative process caused by the delay in filing." *McClean*, 908 A.2d 959.

Our Supreme Court has explained that an administrative breakdown occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Electric Corp. v. Board of Property Assessment*, 746 A.2d 581, 584 (Pa. 2000).

In order to consider whether an administrative breakdown occurred, it is first necessary to understand the process by which the Department makes a determination of eligibility for unemployment compensation benefits. The Board concisely explained this process in its brief. (Respondent's brief at 8-12.) Section 501(a) of the Law requires the Department to consider the claimant's financial eligibility. 43 P.S. §821(a). To do this, the Department mails a notice of financial

6

determination, a Form UC-44F, to both the claimant and his employer. The employer also receives an employer charge document. In response, the claimant and the employer each may file an appeal to dispute the substance of the notice. Alternatively, without filing an appeal, the employer may submit a request for relief from charges.

Next, section 501(b) of the Law requires the Department to determine the claimant's substantive eligibility, which is based upon the circumstances surrounding his unemployment. The Department sends a Form UC-45S to the employer, which indicates the claimant's stated explanation for unemployment and requests confirmation of such from the employer. In *Harkness v. Unemployment Compensation Board of Review*, 920 A.2d 162 (Pa. 2007), our Supreme Court explained that this process should "operate quickly, simply, and efficiently." 920 A.2d at 168.

In this case, Claimant asserts that there was a breakdown in the operations of the Department. He argues that the Department's approval of his benefits—on two occasions—led him to believe that Employer did not challenge his rights to receive those benefits. He notes that he did not receive notice of Employer's challenge until almost one year after his initial application for benefits, several months after he was approved for EUC benefits, and a few months after his employment with Employer was reinstated.

Claimant applied for benefits on February 26, 2013, notifying the Department that he was unemployed due to a lack of work. Pursuant to section 501(a) of the Law, the Department issued a financial determination holding that Claimant was financially eligible for benefits. Next, the Department notified Employer of Claimant's application. It is undisputed that Employer did not contest the assertions made by Claimant in his application. The Department began paying unemployment compensation benefits to Claimant for the week ending on March 9, 2013. After his

7

entitlement to benefits expired, Claimant filed for EUC benefits beginning on September 7, 2013.

Claimant returned to work in October 2013. On October 7, 2013, Employer filed a request for relief from charges. The request indicated that Claimant's termination resulted from willful misconduct. The Department's benefits division received the request over three months later on January 10, 2014.[7] Pursuant to the mandates of section 501(c) of the Law, the Department began an investigation and sent notifications and questionnaires to both Claimant and Employer. Claimant failed to respond to such documents. Employer responded on January 27, 2014, reiterating that it terminated Claimant due to willful misconduct. On January 29, 2014, the Department rendered the aforementioned six notices of determination. Claimant had until February 13, 2014, to file a timely appeal, but did not do so until six days later on February 19, 2014.

We considered a similar factual scenario in *Ruffner v. Unemployment Compensation Review Board*, (Pa. Cmwlth., No. 1566 C.D. 2016, filed June 22, 2017). In *Ruffner*, the claimant was laid off from his employment on August 28, 2014. Upon his separation, he applied for unemployment compensation benefits by phone. He began receiving benefits beginning with the week ending on October 18, 2014. His benefits were exhausted by April 11, 2015. On May 19, 2016, the claimant received a request for information from the Department, but he did not respond to that request. On May 31, 2016, the Department issued three notices of determination finding the claimant ineligible for benefits, informing him that he had been overpaid, and imposing

---

[7] We acknowledge that the Department could have sent Employer's request for relief from charges to its benefits department in a timelier manner. However, any delay was not intentional, and Claimant suffered no harm because of it, as he had already received unemployment compensation benefits prior to Employer's request.

a monetary penalty. The claimant appealed the notices of determination, arguing that he was laid off and did not voluntarily quit his job.

The referee affirmed the Department's decisions, and the Board affirmed as well. The claimant appealed to this Court, challenging the handling of his claim by the Department, and noting that he was permitted to receive and exhaust his unemployment compensation benefits without any challenge from his employer. The Board countered that the employer's request for relief from charges enabled it to review the claimant's unemployment compensation benefits after they expired, and noted that the Law does not proscribe a time limit by which the Board must make an eligibility determination.[8]

In considering the appeal, this Court noted the difference between a claimant's eligibility for benefits and an employer's request for relief from charges:

> An employer seeking relief from charges is requesting a tax exemption. There is a jurisdictional distinction between eligibility for unemployment compensation benefits under section 402 and a request for relief from charges under section 302 of the Law. The filing of an appeal from an eligibility determination is separate and distinct from the filing of a request for relief from charges.

*Ruffner*, slip op. at 10 (internal citations omitted). We found that the claimant did not have an opportunity to fully respond to the employer's request for relief from charges,

---

[8] We do note that, in *Ruffner*, the employer filed its request for relief from charges within 15 days of receiving notice of the claimant's application for benefits. However, the Department did not send a request for information to the claimant until May 19, 2016, and the employer did not return its responsive questionnaire to the claimant's application for benefits until May 24, 2016. While the significant delay in the ultimate determination of eligibility was caused by the Department in that case, here, Employer did not file a request for relief from charges until Claimant's benefits were exhausted, which was around the same time that he returned to work for Employer. Thus, it does not appear that the delay in Claimant's case was the fault of the Department, but rather caused by Employer.

as he did not know in advance the reasons asserted by the employer for its challenge. We ultimately reversed and remanded the case for a full evidentiary hearing to address "the delay in handling [the claimant's] claim; the delay in [the employer's] filing of a questionnaire; and whether [the claimant] has suffered prejudice by the delay that impacts the Department's jurisdiction to revoke his compensation more than a year after he had exhausted his benefits." *Id.* at slip op. at 13.

While the issues on appeal in the *Ruffner* case differ in part from the issues currently before us, our reasoning in that case is persuasive here.[9] In this case, similar to the claimant in *Ruffner*, Claimant received unemployment compensation benefits and Employer did not challenge his receipt of those benefits, until the benefits were exhausted. Also similar is the fact that Employer did not contest Claimant's eligibility for benefits, but rather filed a request for relief from charges.

As we noted in *Ruffner*, the filing of a request for relief from charges does not have the same effect as contesting a claimant's eligibility for benefits. Here, on the same day Claimant applied for benefits, the Department sent Employer a notice to indicate that Claimant applied for benefits, asserting that he was unemployed due to lack of work, and to determine whether the information provided by Claimant was accurate. Employer failed to respond to that notice and provided no evidence to contradict Claimant's assertions in his application. Employer did not dispute Claimant's eligibility for benefits until it filed its request for relief from charges—in the same month that Claimant was called back to work for Employer—asserting that Claimant was not eligible for benefits because he was terminated for willful misconduct. At the time that the request was filed, Claimant had already exhausted his

---

[9] Pursuant to section 414(a) of the Internal Operating Procedures of this Court, an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent. 210 Pa. Code §69.414(a).

10

unemployment compensation benefits and had been receiving EUC benefits—without any challenge from Employer. The record contains no information to explain why Employer failed to file a responsive questionnaire to Claimant's application for benefits at the time the claim was made.

To further complicate matters in this case, Employer, through its controller, Elisa Kascik, later issued a letter acknowledging that it inaccurately informed the Department that Claimant was terminated, stating: "Please be advised that [Claimant's] employment was terminated on February 22, 2013[,] due to lack of work. It was erroneously reported earlier that his employment was terminated due to misconduct." (C.R. at Item No. 8, Exhibit A.)

Based upon our analysis in *Ruffner*, we find that the apparent confusion in this case—in that Claimant received benefits for about seven months with no challenge from Employer, Employer wrongfully identified the cause of discharge in its request for relief from charges, and the Department found Claimant eligible for benefits and several months later found him not to be eligible for the same—constitutes a breakdown of the administrative process, and warrants the allowance of Claimant's appeal *nunc pro tunc*.[10]

## Conclusion

Because the evidence of record in this case indicates a breakdown in the administrative process of the Department, the Board erred in affirming the referee's orders dismissing Claimant's appeals as untimely, and refusing to consider the same

---

[10] In finding that a *nunc pro tunc* appeal is appropriate in this case, we need not address the other issues raised by Claimant in his appeal to this Court. Rather, any relevant issues that remain can be addressed in his appeal of the Department's notices of determination.

11

*nunc pro tunc*.  Accordingly, the Board's orders are reversed, and the matters are remanded to the Board for consideration of the merits.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Cohn Jubelirer concurs in result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mathew E. Petro,                          :
                    Petitioner            :
                                          :     Nos.  1819 & 1820 C.D. 2016
          v.                              :
                                          :
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :

## *ORDER*

AND NOW, this 8th day of December, 2017, the orders of the Unemployment Compensation Board of Review (Board) dated October 4, 2016, are hereby reversed, and the matters are remanded to the Board for consideration of the merits of the appeals of Mathew E. Petro *nunc pro tunc*.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge