# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul H. Corson, IV,                                    :
                       Petitioner    :
                                      :
            v.                                         :    No. 818 C.D. 2017
                                      :    Submitted: March 9, 2018
Unemployment Compensation          :
Board of Review,                                   :
                     Respondent    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: April 17, 2018**

Paul H. Corson, IV (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) that upheld a referee's decision dismissing as untimely Claimant's appeals from three notices of determination issued by an unemployment compensation (UC) service center. Claimant argues the Board erred in finding his appeals untimely where it credited his testimony that he attempted to file his appeals by email before the appeal deadline. Upon review, we affirm.

## I. Background

The Board made the following findings. On December 20, 2016, the Erie UC Service Center (service center) sent three notices of determination to Claimant's last known mailing address. The first notice found Claimant ineligible for UC benefits under Section 402(e) of the Pennsylvania UC Law (UC Law)

(relating to willful misconduct).[1] The second notice found Claimant received an overpayment of UC benefits, and it assessed a fault overpayment. See Section 804(a) of the UC Law, 43 P.S. §874(a). The third notice was a Notice of Penalty Weeks and 15% Penalty Determination that assessed penalties against Claimant. See Sections 801(b), (c) of the UC Law, 43 P.S. §871(a), (b). The three notices contained appeal instructions, which stated that the last day to file a timely appeal was January 4, 2017.

Claimant received the notices and was or should have been aware that the last day to file a timely appeal was January 4, 2017. Claimant did not file an appeal on or before January 4, 2017. Instead, he filed an appeal over the internet, which the service center received on February 22, 2017. A hearing ensued before a referee.

At the hearing, Claimant, representing himself, and a service center representative testified. Claimant's former employer did not appear.

After the hearing, the referee issued a decision determining that Claimant's appeal of the three notices of determination was untimely. In so doing, the referee explained, Section 501(e) of the Law, 43 P.S. §821(e), states that unless a claimant files an appeal of a notice of determination within 15 calendar days after it is mailed to his last known address, the notice is final. The 15-day appeal period is mandatory. In order for a referee to have jurisdiction to consider an appeal filed after the 15-day period, the petitioner must show either fraud or a breakdown in the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

2

administrative process caused the late appeal, or the non-negligent conduct of the party, the party's representative or the party's attorney caused the late appeal.

The referee further explained, pursuant to 34 Pa. Code §101.82(b)(4), an appeal may be filed by email. However, the filing date for such an appeal is determined by the date recorded by the Department of Labor and Industry (Department) or the Board's system. Further, a party is responsible for any delay if the email is not sent in the correct format or if there is an interruption in the electronic signals. Id.

Here, the referee determined, the competent documentary evidence established that the service center mailed a notice of determination, a notice of determination of overpayment, and a notice of determination assessing penalties to Claimant's last known mailing address. Claimant received these notices and knew or should have known that the final date to file timely appeals was January 4, 2017. Claimant was not misled or misinformed as to his appeal rights.

The referee further explained that, at the hearing, Claimant testified he attempted to file an appeal from the notices of determination over the internet in December 2016. However, he was unable to provide the specific date he filed the appeal, and he did not present documentation to establish his appeal was successfully filed at that time. Further, a service center representative testified that the only appeal received from Claimant was over the internet on February 22, 2017.

Although the referee found Claimant credible that he *attempted* to file an appeal over the internet in December 2016, the referee determined the record

lacked competent evidence to establish the Department received an appeal from Claimant in December 2016. Therefore, the referee was constrained to find that Claimant filed his appeal over the internet, and the Department received it on February 22, 2017.

Further, the referee stated, the notices of determination expressly warn claimants that if they file their appeals electronically, they are responsible for any delay, disruption, or interruption of electronic signals and the readability of the appeal, and claimants accept the risk that their appeals may not be properly or timely filed.

As such, the referee stated, he was required to conclude Claimant filed his appeal beyond the 15-day appeal period; therefore, the referee lacked jurisdiction to consider the appeal. Thus, the referee dismissed Claimant's appeal. Claimant appealed to the Board.

The Board adopted and incorporated the referee's findings and conclusions, and it affirmed the referee's decision. Claimant petitions for review to this Court.

## II. Issue

4

On appeal,[2] Claimant, now through counsel, asserts the Board erred in deeming his appeal untimely where it credited his testimony that he attempted to file his appeal by email prior to the appeal deadline.

### III. Discussion

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility, and weight afforded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Unchallenged findings are conclusive on appeal. Campbell v. Unemployment Comp. Bd. of Review, 694 A.2d 1167 (Pa. Cmwlth. 1997). Additionally, we are bound by the Board's findings so long as the record, taken as a whole, contains substantial evidence to support them. Ductmate.

### A. Contentions

Claimant asserts this Court should reverse the Board's decision dismissing his appeal as untimely. He contends he should be permitted to file an appeal "now for then" or *nunc pro tunc* because an unknown error caused the service center not to receive his December 2016 appeal.

Claimant argues he attempted to file an appeal by email in December 2016, well before the January 4, 2017 appeal deadline. He maintains both the referee and the Board credited this testimony, but ruled against him based on a lack of competent evidence supporting the service center's receipt of an email appeal.

---

[2] Our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. Rock v. Unemployment Comp. Bd. of Review, 6 A.3d 646 (Pa. Cmwlth. 2010).

Claimant asserts when he became aware of the issue with his first attempt at an appeal, he sought to rectify it by contacting the service center by phone. However, he argues, he was unsuccessful in his attempts to do so as he could not reach anyone from the office. Claimant contends he then sent a second attempt at an email appeal, which the service center received on February 22, 2017.

Because the Board credited his testimony regarding his December appeal attempt and did not find a delay, disruption, or interruption of electronic signals in his December appeal, other than the service center's non-receipt of an email appeal, Claimant asserts, this Court should reverse the Board's decision. In support, he relies on this Court's decision in Wright v. Unemployment Compensation Board of Review, 41 A.3d 58 (Pa. Cmwlth. 2011) (en banc). Alternatively, Claimant contends, this Court should remand for further development of a record on the circumstances regarding his December appeal.

The Board responds that, based on this Court's holding in Roman-Hutchinson v. Unemployment Compensation Board of Review, 972 A.2d 1286 (Pa. Cmwlth. 2009), it properly dismissed Claimant's untimely appeal under Section 501(e) of the Law and the Board's regulations.

### B. Analysis

Section 501(e) of the Law states, as relevant:

> Unless the claimant … files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the [D]epartment … within fifteen calendar days after such notice … was mailed to his last known post office address, and applies for a

6

> hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be … denied in accordance therewith.

43 P.S. §821(e).

"The requirement that an appeal be filed within fifteen days is jurisdictional, precluding either the Board or a referee from further considering the matter." Gannett Satellite Info. Sys., Inc. v. Unemployment Comp. Bd. of Review, 661 A.2d 502, 504 (Pa. Cmwlth. 1995) (citation omitted). The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. Russo v. Unemployment Comp. Bd. of Review, 13 A.3d 1000 (Pa. Cmwlth. 2010).

However, the Board may consider an untimely appeal in limited circumstances. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008). The burden to establish the right to have an untimely appeal is a heavy one as the statutory time limit established for appeals is mandatory. Roman-Hutchinson.

A petitioner may satisfy this heavy burden in one of two ways. Hessou. First, he can show administrative breakdown or fraud. Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130 (Pa. 1996); Hessou. Second, he can show non-negligent conduct beyond his control caused the delay. Cook; Hessou. "[F]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." Hessou, 942 A.2d at 198 (quoting

7

<u>U.S. Postal Serv. v. Unemployment Comp. Bd. of Review</u>, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

Further, Section 101.82 of the Board's regulations states, in pertinent part (with emphasis added):

> (a) A party seeking to appeal a Department determination shall file an appeal … on or before the 15th day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him at his last known post office address.
>
> (b) A party may file a written appeal by any of the following methods:
>
> * * * *
>
> (4) *Electronic transmission other than fax transmission*. <u>The date of filing is the receipt date recorded by the Department appeal office or the Board's electronic transmission system, if the electronic record is in a form capable of being processed by that system</u>.  A party filing by electronic transmission shall comply with Department instructions concerning format. <u>A party filing an appeal by electronic transmission is responsible for using the proper format and for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed</u>.

This same language appears in the instructions for filing an appeal included with the notices of determination.  Certified Record (C.R.), Item #5.

Our decision in <u>Roman-Hutchinson</u> is controlling here.  There, the claimant received a referee's decision denying her UC benefits, which informed the claimant that the appeal deadline was July 2, 2008.  The claimant asserted she

appealed the referee's decision by email prior to the appeal deadline. However, the UC authorities did not receive the emailed appeal; rather, they received a faxed appeal after the expiration of the appeal period. The Board found the claimant was not misled or misinformed as to her appeal rights, and her untimely appeal was not caused by fraud, administrative breakdown or non-negligent conduct. Thus, it dismissed the claimant's appeal as untimely.

On appeal to this Court, the claimant argued the Board erred in dismissing her appeal as untimely because there was a breakdown in the administrative process. Specifically, she asserted, something in the email system went awry and led to the UC authorities' failure to receive her timely-sent email appeal. Relying on the "mailbox rule," the claimant also argued that she overcame the assertion that the UC authorities did not receive her appeal by submitting a copy of the email she sent before the expiration of the appeal period, with proof it was sent to the correct email address. This Court disagreed, stating:

> Although the 'mailbox rule' applies to mailings via the post office, the Department's regulation at 34 Pa. Code § 101.82(b)(4) controls emailed appeals. … Thus, <u>even if [the] [c]laimant emailed her appeal before the appeal deadline, it was untimely because it was not received by the UC authorities until after the deadline.</u> McClean v. [Unemployment Comp. Bd. of Review, 908 A.2d 956 (Pa. Cmwlth. 2006)]. Consequently, [the] [c]laimant's argument fails. Further, <u>the regulation clearly contemplates malfunction in the email delivery system and places the resulting risk of an untimely filing on the [c]laimant</u>.
>
> Claimant next asserts that she is entitled to *nunc pro tunc* relief based on our [sic] decisions in Bass v. Commonwealth, [401 A.2d 1133 (Pa. 1979)] and Perry v. Unemployment Compensation Board of Review, 459

9

A.2d 1342 (Pa. Cmwlth. 1983), wherein we held that *nunc pro tunc* relief is appropriate where the untimeliness of an appeal is due to non-negligent conduct. However, <u>because the regulation expressly provides that [the] [c]laimant assumed the risk of an untimely filing when she chose to file her appeal by email, the rationale in Bass and Perry is inapplicable here</u>.

<u>Roman-Hutchinson</u>, 972 A.2d at 1289 (emphasis added).

Similar to the facts presented in <u>Roman-Hutchinson</u>, the UC service center mailed Claimant three notices of determination, which informed him that the final day to appeal was January 4, 2017. Referee's Dec., 3/22/17, Finding of Fact (F.F.) No. 4; Referee's Hr'g, Notes of Testimony (N.T.), 3/21/17, at 8; C.R., Item #5. Claimant received the notices of determination and was or should have been aware that the last day to timely file appeals was January 4, 2017. F.F. No. 5; N.T. at 6. At some point prior to the expiration of the 15-day appeal period, Claimant *attempted* to file his appeal electronically. Referee's Dec. at 2 (emphasis added); N.T. at 6-7. However, Claimant was unable to provide the specific date on which he attempted to file his appeal electronically, and he did not submit any documentation to establish he successfully filed his appeal before the appeal period expired. Referee's Dec. at 2; N.T. a 7. Claimant did not successfully transmit his appeal prior to the appeal deadline; instead, he filed an appeal over the internet which the service center received on February 22, 2017. F.F. No. 6; C.R., Item #6; N.T. at 8. Claimant was not misled or misinformed as to his appeal rights. F.F. No. 7. As in <u>Roman-Hutchinson</u>, Claimant concedes "an unknown error caused the [s]ervice [c]enter not to receive his December appeal."[3] Pet'r's Br. at 11. Thus, as in <u>Roman-</u>

---

[3] This is consistent with Claimant's testimony before the referee. <u>See</u> Referee's Hr'g, Notes of Testimony (N.T.), 3/21/17, at 7, 8 ("I must have did something wrong. … I don't know

Hutchinson, the Board properly dismissed Claimant's appeal of the notices of determination as untimely.

Further, as in Roman-Hutchinson, Claimant did not establish a right to proceed *nunc pro tunc*, or "now for then." To that end, the Board's supported findings reveal the service center did not receive Claimant's appeal until seven weeks after the appeal deadline. F.F. No. 6; C.R., Item #6; N.T. at 8. As indicated above, a claimant filing an appeal by electronic transmission is responsible for any delay, disruption, or interruption of electronic signals and assumes the risk of an untimely filing. 34 Pa. Code §101.82(b)(4); Roman-Hutchinson. Thus, as we explained in Roman-Hutchinson, Claimant is not entitled to *nunc pro tunc* relief here.

In addition, Wright, relied on by Claimant, is distinguishable. There, the claimant attempted to file an appeal of a notice of determination by fax prior to the appeal deadline. At a hearing, the claimant presented evidence that he timely faxed his appeal before the July 13, 2010 appeal deadline. In particular, he presented: his testimony; the testimony of his father, who faxed the appeal on his behalf (sender); and, an account log from the sender's telephone carrier that showed the sender successfully transmitted a fax before the appeal deadline to the number listed on the notice of determination. Further, the sender testified he was certain the transmission was complete and confirmed. After learning the UC authorities did not receive his faxed appeal, the claimant sent a second faxed appeal, which was

what I did, or it didn't go through …. I don't know what happened."). In his appeal to the Board, Claimant also stated that in December 2016 his "email was compromised through Yahoo …." Certified Record, Item #11.

11

received after the appeal deadline. No witness from the service center appeared at the hearing, and the employer offered no evidence as to the timeliness of the appeal. Ultimately, a referee deemed the appeal timely. On further appeal, the Board reversed. More particularly, because the claimant's appeal purportedly faxed before the deadline was not of record, the Board determined the claimant faxed his appeal after the deadline, and it dismissed the appeal as untimely.

On further appeal, this Court reversed the Board, explaining:

The Board bases its legal conclusion that [the] [c]laimant's appeal was untimely on Board finding of fact number 5, in which the Board found that [the] [c]laimant filed an appeal by fax, which the UC Center received on August 11, 2010. The document in the Board record with a receipt notation of August 11, 2010, however, is not the filing that the [r]eferee found timely. There is extensive and unrebutted testimony before the [r]eferee … that [the] [c]laimant faxed an appeal to the UC Center on July 9, 2010. It is that appeal—faxed days before the filing deadline of July 13, 2010—that the [r]eferee found timely. …

[T]he Board here utterly ignored [the] [c]laimant's evidence. The Board's decision does not recount the evidence before the [r]eferee or make any credibility findings with respect to the testimony, which the [r]eferee obviously found credible and persuasive. In essence, the Board completely ignored the entire evidentiary basis of the [r]eferee's decision—*i.e.*, that the [c]laimant filed his appeal on July 9, 2010, as reflected by both the testimony, the documents presented during the hearing before the [r]eferee, and the notation from the [s]ender's office that accompanied the later-transmitted document in the Board's record. Because the Board failed to address, let alone acknowledge, the uncontroverted evidence before the [r]eferee  on the timeliness issue that supported the [r]eferee's decision, the Board capriciously disregarded competent evidence.

12

Wright, 41 A.3d at 62-64 (emphasis added). Ultimately, we concluded the claimant's appeal was timely, and we remanded for a determination on the merits.[4]

Here, unlike in Wright, Claimant did not provide "extensive and unrebutted testimony" to establish he successfully transmitted his appeal prior to the appeal deadline, and the Board did not capriciously disregard Claimant's evidence. Id. at 62. Indeed, although the Board credited Claimant's testimony that he *attempted* to file his appeal electronically before the deadline,[5] it determined "there is not competent evidence contained in the record to establish that the Department received an appeal from [Claimant] in December 2016." Referee's Dec. at 3. Indeed, unlike in Wright, Claimant offered nothing to corroborate his testimony that he transmitted his appeal prior to the deadline or that the service center received it prior to the deadline. Further, unlike in Wright, where the claimant's evidence was unrebutted, a service center representative appeared here and testified the service center did not receive an appeal from Claimant until February 22, 2017, several

---

[4] Accord Bennett v. Unemployment Comp. Bd. of Review, 33 A.3d 133 (Pa. Cmwlth. 2011) (en banc) (where claimant presented testimony and documentary evidence that he emailed his appeal and the Board received it prior to appeal deadline, and the Board's decision ignored that evidence, the Board capriciously disregarded evidence, necessitating a remand).

[5] While Claimant argues the Board credited his testimony that he filed his appeal in December 2016, the Board actually stated:

> Although the [r]eferee finds [Claimant] credible, that he attempted to file an appeal via the internet in December 2016, there is not competent evidence contained in the record to establish that the Department received an appeal from the Claimant in December 2016. Therefore, the [r]eferee is constrained to find that [Claimant] filed his appeal via the internet, which was received by the Department on February 22, 2017.

Referee's Dec., 3/22/17, at 3 (emphasis added).

13

weeks after the appeal period expired. N.T. at 8. Moreover, unlike in Wright, Claimant did not present evidence that the Board received his appeal prior to the appeal deadline such as a read receipt or other confirming information; indeed, he concedes the service center here did not receive his attempted appeal. Pet'r's Br. at 11.

In addition, under these circumstances, we disagree with Claimant that a remand for further development of a record concerning the timeliness issue is appropriate. Indeed, based on our review of the record, there is no indication that Claimant was denied an opportunity to present any relevant evidence before the referee,[6] or that Claimant's evidence was not sufficiently considered by the referee or the Board, so as to necessitate a remand.

Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

---

[6] Indeed, in his brief to this Court, Claimant does not contend that he possesses proof that his purported December 2016 email appeal was received. Instead, he argues, "[h]ad [he] been allowed a few moments to check his mobile phone [at the referee's hearing] it is entirely possible that [he] would have been able to produce evidence that he sent his appeal via email in December." Pet'r's Br. at 15 (emphasis added). To that end, Claimant asserts, during the hearing, the referee denied him an opportunity to check his email on his cell phone to see if he could find confirmation of the December 2016 appeal he purportedly sent to the service center. Contrary to this assertion, our review of the transcript of the referee's hearing reveals that, when the referee asked Claimant if he received confirmation of his purported December 2016 emailed appeal, Claimant replied "I don't even remember going on [my] e-mail and checking for confirmation." N.T. at 7. Further, although Claimant indicated he could "go back and look[,]" it was not made clear to the referee that Claimant was seeking an opportunity to check his email on his cell phone or that Claimant had access to his email on his cell phone at that time. Additionally, Claimant did not raise this issue in his appeal to the Board. Thus, it is waived. Chapman v. Unemployment Comp. Bd. of Review, 20 A.3d 603 (Pa. Cmwlth. 2011) (issues not raised before the referee or the Board are waived for purposes of appeal and will not be addressed for the first time by this Court).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul H. Corson, IV,                          :
                  Petitioner    :
                              :
           v.                          :    No. 818 C.D. 2017
                              :
Unemployment Compensation                    :
Board of Review,                             :
                 Respondent    :

# **O R D E R**

**AND NOW**, this 17th day of April, 2018, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

                                        _____
                                        ROBERT SIMPSON, Judge