# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph A. Sheller,                          :
                            Petitioner      :
                                            :
            v.                              :    No. 1833 C.D. 2017
                                            :    SUBMITTED:  June 22, 2018
Unemployment Compensation                   :
Board of Review,                            :
                            Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                        **FILED:  August 16, 2018**


         Claimant, Joseph A. Sheller, petitions *pro se* for review of an order of
the Unemployment Compensation Board of Review (Board) that affirmed the
decision of the referee to dismiss his appeal as untimely under Section 501(e) of the
Unemployment Compensation Law (Law).[1]  We affirm.

         On June 18, 2015, the Harrisburg Overflow Center issued three notices
of determination pursuant to numerous sections of the Law and mailed them to
Claimant at his last known mailing address.  (Referee's August 8, 2017, Decision,
Findings of Fact (F.F.) Nos. 1 and 2.)  These notices reflected that Claimant had
fifteen days in which to file a timely appeal.  (*Id*., No. 4.)  Claimant did not appeal
from the 2015 determinations, however, until June 2017.  (*Id*., No. 5.)  In that regard,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

he alleged that he first received the determinations in 2017 with the help of his state representative. (July 26, 2017, Hearing, Notes of Testimony (N.T.) at 3-5.) In any event, the referee rejected Claimant's assertion that he did not receive the notices in 2015, finding determinative the fact that they were mailed to him at his last known mailing address and that the postal authorities did not return them as undeliverable. (F.F. Nos. 2 and 3.) The referee observed that Section 501(e) of the Law provides that a notice of determination shall become final and compensation shall be paid or denied according to that decision unless it is appealed within the fifteen-day appeal period after notice of it is mailed to the appealing party.

In addition, mindful that the provisions of Section 501(e) are mandatory and that a referee has no jurisdiction to consider an appeal filed after expiration of the statutory appeal period,[2] the referee also determined that Claimant as the party who filed an untimely appeal failed to establish grounds for allowance of an appeal *nunc pro tunc*.[3] (*Id*., No. 8.) Specifically, the referee concluded that the record did not reflect that Claimant was misinformed or misled regarding his right to appeal. (*Id*., No. 7.) Accordingly, the referee dismissed Claimant's appeal as untimely.

The Board affirmed, adopting and incorporating all of the referee's findings and conclusions. In addition, the Board found:

> [C]laimant admits to receiving copies of the determinations at issue in May 2017. [He] waited until June 27, 2017, to file his appeal. Thus, even if [he] had successfully shown that he was not in receipt of the originals mailed on June 18, 2015, he clearly failed to act promptly in filing his appeal once he became aware of the determinations and the need to file an appeal.

---

[2] *Edwards v. Unemployment Comp. Bd. of Review*, 639 A.2d 1279, 1282 (Pa. Cmwlth. 1994).

[3] The criteria require that a party prove that the late appeal was caused by fraud or its equivalent, by a breakdown in the appellate system, or by non-negligent conduct. *McClean v. Unemployment Comp. Bd. of Review*, 908 A.2d 956, 959 (Pa. Cmwlth. 2006).

(Board's October 17, 2017, Decision at 1.) Claimant's appeal to this Court followed.

On appeal, Claimant maintains that he did not receive the determinations in 2015 and that no proof or evidence was offered substantiating a claim that they were mailed. In that regard, he observes that the notices were not sent by certified or registered mail, with signature confirmation required or return receipt requested. He further notes that the documents were not sent by other means such as e-mail. His position is without merit.

What is referred to as the "mailbox rule" provides "that the depositing of a properly addressed letter with prepaid postage in the post office raises a presumption that the letter reached its destination by due course of mail." *Douglas v. Unemployment Comp. Bd. of Review*, 151 A.3d 1188, 1191 (Pa. Cmwlth. 2016). Ordinarily, evidence that a letter was mailed will suffice to permit a fact finder to find that the letter was, in fact, received by the party to whom it was addressed. *Id*. Two component presumptions, both rebuttable, may be at play: (1) the presumption of regularity of the acts of public officials in placing items into the mail; and (2) the presumption of timely receipt by the addressee when a properly mailed letter to the last known address of the addressee has not been returned as undeliverable. *Id*. at 1192.

Regarding the presumption of the regularity and mailing, the instant record contains copies of the three notices of determination at issue, all bearing a mailing date of June 18, 2015, and indicating a final date for a timely appeal. (Record, Item No. 2.) It also contains the annotations or log for the processing of these documents. (*Id*., Item No. 1.) In addition, Claimant testified: "Unbeknownst to me, the document, the - - UC-44 Form was mailed to me, telling me that I was overpaid and I had until July of 2015 to file a [sic] Appeal." (N.T. at 4.) To the

3

extent that he preserved any challenge based upon an assertion that the determinations were not mailed, we conclude that the record evidence was sufficient to establish the presumption of the regularity of the acts of public officials in mailing them. *Douglas*, 151 A.3d at 1192 (holding that the presumption of mailing is triggered when there is an indication of record that the act was performed). Accordingly, the burden shifted to Claimant to rebut the presumption that he did not receive the determinations. *Id*. at 1191-93.

Notwithstanding his assertions, Claimant acknowledged that he has lived at the same address since 1984, that he has never had a problem with his mail, and that the 2015 notices bear his correct address. (N.T. at 3-5.) While it is true that he continued to deny receipt, the Board did not accept his bald assertion. As noted, when a notice is mailed to the last known address of the claimant or the employer and is not returned as undeliverable, it is presumed that the addressee received the notice. *Volk v. Unemployment Comp. Bd. of Review*, 49 A.3d 38, 41 (Pa. Cmwlth. 2012); *Gaskins v. Unemployment Comp. Bd. of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981); *see also* 34 Pa. Code § 101.53 (providing, in pertinent part, that the mailing of notices to the parties at their last known addresses as furnished by them to the department shall constitute notice of the matters contained therein). Accordingly, we agree that Claimant failed to rebut the presumption of receipt.

Moreover, contrary to Claimant's contention, there is no requirement that the unemployment compensation authorities send a notice in any manner other than mail. Section 501(c)(2) of the Law provides that "notice shall be given by the department in writing to the claimant stating that the claim is invalid and the reason therefor." 43 P.S. § 821(c)(2).

4

Finally, the Board concluded that Claimant failed to establish the requisite extraordinary circumstances for an appeal *nunc pro tunc*. Specifically, it determined that he failed to establish that he was misinformed or misled regarding his right to appeal. Additionally, it found that, once he received the 2015 determinations in 2017, allegedly for the first time, he failed to act with alacrity in pursuing his appeal.[4] The timeliness of an appeal is not a mere technicality. The failure to file a timely appeal is a jurisdictional defect and courts cannot extend the time for taking an appeal as a matter of grace or mere indulgence. *Sofronski v. Civil Serv. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). The party seeking a late appeal, therefore, must justify the delay in filing the appeal. *Id.* This is an extremely heavy burden. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). As determined here, Claimant failed to satisfy this burden.

Accordingly, we affirm.

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[4] To the extent that Claimant outlines in his brief what steps he took after his 2017 receipt of the 2015 determinations, this Court may not consider that extra-record evidence. *See Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) (court may not consider auxiliary information appended to a brief that is not part of certified record on appeal). In addition, regarding his statement that he could call a witness at a future date, we note that he had the opportunity to present evidence in support of his position at the hearing.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph A. Sheller,                      :
               Petitioner       :
                                    :
           v.                          :   No. 1833 C.D. 2017
                                    :
Unemployment Compensation               :
Board of Review,                        :
               Respondent       :

## O R D E R

AND NOW, this 16th day of August, 2018, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge