IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen G. Connors,              :
            Petitioner        :
                             :   No. 2198 C.D. 2013
           v.              :
                             :   Submitted: June 20, 2014
Unemployment Compensation   :
Board of Review,             :
            Respondent    :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: July 21, 2014


      Kathleen G. Connors (Claimant) petitions *pro se* for review of the November 7, 2013 order of the Unemployment Compensation Board of Review (Board) which held that Claimant is ineligible for benefits pursuant to section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

      Claimant was employed by Human Resources Centers, Inc. (Employer) as a part-time respite worker from June 2007 to April 2013. On April 23, 2013, Claimant resigned from her position. The local job center determined that Claimant was ineligible for compensation under section 402(b) of the Law because, although

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) of the Law provides that a claimant is ineligible for benefits for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

she had cause of a necessitous and compelling nature to leave her employment, she did not exhaust all alternatives prior to quitting. Claimant appealed, and the matter was assigned to a referee.

On June 28, 2013, the referee mailed a Notice of Hearing for July 12, 2013 (Notice) to the parties. Neither party attended the hearing. Citing Claimant's absence from the hearing, the referee determined that Claimant failed to meet her burden to demonstrate entitlement to benefits and held that she was ineligible for compensation under section 402(b) of the Law. (Referee's opinion at 2.) Claimant appealed to the Board and requested a remand hearing. The Board remanded the matter for a hearing to address the reason for Claimant's failure to appear at the July 12, 2013 hearing as well as the merits of the case.

Claimant testified that she did not receive the Notice sent on June 28, 2013. She confirmed that she never had trouble receiving mail in the past and that she received the referee's Notice of Determination dated July 15, 2013. Claimant stated that she knew of no reason why she would not have received the Notice. (Notes of Testimony (N.T.), 10/01/2013, at 2-3.)

Claimant testified that after she sustained a work injury in December 2012, she was unable to provide services for her original client. She stated that upon her return to work in April 2013 with partial workers' compensation benefits, Employer assigned her a new client with whom she would work fewer than half of her pre-injury hours. Claimant stated that she was worried about this assignment because it involved a forty-five-minute commute and she would not be able to reach the client at his bus stop if her car broke down. She also testified that she was concerned that the out-of-pocket expenses of taking the client to required activities,

2

such as eating out, watching movies, and going bowling, would amount to a significant portion of her pay. (N.T. at 3-6.)

Claimant said that she brought her concerns to her supervisor who responded that she would have to report Claimant's refusal of the assignment to workers' compensation authorities. Claimant explained that she did not ask if there were any other assignments available because she felt "thrown" by this response. Claimant testified that she subsequently notified Employer of her resignation. (N.T. at 7-9.)

The Board found that Claimant's testimony regarding the Notice was not credible and did not establish proper cause for her failure to appear at the first hearing. Thus, the Board examined the record from that hearing and adopted the referee's findings of fact and conclusions of law. In addition, the Board alternatively held that Claimant's testimony at the remand hearing did not demonstrate a compelling cause for leaving her employment because the distance to the new client was not unreasonable and Claimant did not have to eat or bowl herself when she took the client to eat or go bowling. Accordingly, the Board held that Claimant was ineligible for benefits under section 402(b) of the Law.

On appeal to this Court,[2] Claimant argues that the Board erred in determining that she did not have proper cause for not attending the July 12, 2013 hearing. Claimant also asserts that the Board erred in failing to find that she left her employment for cause of a necessitous and compelling nature based on the testimony presented at the second hearing.

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Shrum v. Unemployment Compensation Board of Review*, 690 A.2d 796, 799 n.3 (Pa. Cmwlth. 1997).

When a party makes a timely request for reopening of the record to establish good cause for her failure to attend a hearing, the Board is required to allow a further appeal and take additional evidence. 34 Pa. Code §101.104(c)(3); *see also Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 45 (Pa. Cmwlth. 2012) (holding that the Board must schedule a hearing to give a party the opportunity to rebut the presumption that she received a duly mailed notice). If the party fails to establish proper cause for not attending the initial hearing, then the Board must issue a decision on the merits based on the record which was before the referee. *Ortiz v. Unemployment Compensation Board of Review*, 481 A.2d 1383, 1386 (Pa. Cmwlth. 1984). This Court has held that not receiving a hearing notice can constitute proper cause. *Volk*, 49 A.3d at 40-41. However, if a notice was mailed to a party's last known address and not returned as undeliverable, there is a presumption that the party received proper notice. *Gaskins v. Unemployment Compensation Board of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981).

Here, the Board granted Claimant the opportunity to rebut the presumption that she received the Notice. However, the Board found that Claimant's testimony was not credible and determined that she did not have proper cause to miss the July 12, 2013 hearing. The credibility of testimony and the weight to be given to the evidence presented to rebut this presumption are matters for solely the Board to decide. *Gaskins*, 429 A.2d at 140. Furthermore, the Board may disregard even uncontroverted testimony if it concludes that the testimony is not credible. *Fuentes v. Unemployment Compensation Board of Review*, 413 A.2d 449, 450 (Pa. Cmwlth. 1980). Therefore, we conclude that the Board did not err by relying only on the

record of the first hearing to determine that Claimant is ineligible for benefits under section 402(b) of the Law.[3]

Claimant also argues that the Board erred in determining that she did not have cause of a necessitous and compelling nature to leave her employment based on the evidence presented at the second hearing. Having concluded that the Board properly relied solely on the record of the July 12, 2013 hearing, we need not address the merits of the Board's alternative decision.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] The Board points out that Claimant has not challenged any of the Board's findings, and, therefore, these findings are conclusive on appeal. *Munski v. Unemployment Compensation Board of Review*, 29 A.3d 133, 137 (Pa. Cmwlth. 2011).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathleen G. Connors,               :

         Petitioner        :

                           :  No.  2198 C.D. 2013

        v.                 :

                           :

Unemployment Compensation  :

Board of Review,             :

         Respondent    :

## ***ORDER***

AND NOW, this 21st day of July, 2014, the November 7, 2013 order of the Unemployment Compensation Board of Review is hereby affirmed.

_____

PATRICIA A. McCULLOUGH, Judge