# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert G. Barton,              :
                                      :
             Petitioner     :
                                        :
           v.               :     No. 21 C.D. 2015
                                        :
Unemployment Compensation     :     Submitted: May 22, 2015
Board of Review,                  :
                                        :
           Respondent    :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: September 17, 2015**

Robert G. Barton (Claimant) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review affirming a UC Referee's (Referee) Decision finding Claimant ineligible for UC benefits pursuant to Section 402(e) of the UC Law (Law).[1] On appeal, Claimant argues that the Board erred: (1) in finding that he did not prove good cause for his nonappearance at the August

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e). Section 402(e) provides that an employee is ineligible for UC benefits if "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." Id.

5, 2014 Referee's hearing; and (2) in failing to consider Claimant's evidence presented at the Board remand hearing proving that he did not commit willful misconduct. For the following reasons, we vacate the Order of the Board and remand for the Board to make more complete findings on the entirety of Claimant's evidence regarding the issue of whether he had good cause for his nonappearance at the August 5, 2014 hearing.

Claimant was last employed by Colours, Inc. (Employer) as a full-time assistant manager on June 12, 2014 and was terminated from his employment for violating Employer's policies that prohibited entering the workplace during non-business hours and for taking products without rendering payment. (Referee Decision, Findings of Fact (FOF) ¶¶ 1, 7.) The UC Service Center found Claimant not ineligible for benefits pursuant to Section 402(e) of the Law because "Claimant denied committing a dishonest act, and the Employer did not provide sufficient information to show that the Claimant committed a dishonest act." (Notice of Determination, R. Item 5.) Employer then appealed the UC Service Center's determination to the Referee and a hearing was scheduled for August 5, 2014. Employer appeared with three witnesses; however, Claimant did not appear. Based on Employer's evidence, the Referee determined that Employer satisfied its burden of proving Claimant's willful misconduct under Section 402(e) of the Law for violating Employer's policies.[2] (Referee Decision at 2.) With respect to whether Claimant had good cause for his conduct, the Referee concluded:

---

[2] When the discharge is based upon a rule violation, the employer must prove the existence of the rule and the rule's violation. Ductmate Industries, Inc. v. Unemployment Compensation Board of Review, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). The employer must also establish that the claimant was aware of the work rule. Bruce v. Unemployment

*(Continued…)*

2

> The claimant did not appear at the Referee's hearing to provide evidence and testimony . . . . As such, the claimant has failed to demonstrate either that the employer's rules are unreasonable or that he had good cause to violate the rules. Consequently, unemployment compensation benefits must be denied to the claimant under Section 402(e) of the Law.

(Referee Decision at 2.)

Claimant timely appealed the Referee's Decision to the Board, stating that he "[n]ever received any notice of a hearing or date and time." (Petition for Appeal, R.R. at 34a.) In response, the Board remanded this matter to the Referee for a hearing to "receive testimony and evidence on the claimant's reason for his nonappearance at the previous hearing" and to receive new or additional evidence on the merits.[3] (Board Hearing Order, R. Item 14.) Thereafter, a remand hearing was scheduled for October 1, 2014; however, this hearing was continued until October 24, 2014 because Employer could not attend the October 1st hearing. (Notices of Board Hearing – Remand with Continuance Information, R. Item 15.)

Claimant contends that he did not receive notice of the continuance, appeared for the remand hearing on October 1st with his witnesses, and waited over

---

Compensation Board of Review, 2 A.3d 667, 671 (Pa. Cmwlth. 2010). If the employer satisfies its burden, the burden shifts to the claimant to show that he or she had good cause for the conduct. McKeesport Hospital v. Unemployment Compensation Board of Review, 625 A.2d 112, 114 (Pa. Cmwlth. 1993).

[3] Not receiving or not timely receiving a hearing notice can constitute "proper cause" under the Board's regulation at 34 Pa. Code § 101.24(a) to reopen a hearing and take evidence about the lack of notice. Verdecchia v. Unemployment Compensation Board of Review, 657 A.2d 1341, 1344 (Pa. Cmwlth. 1995); Coin Automatic Laundry Equipment Company v. Unemployment Compensation Board of Review, 447 A.2d 690, 691 (Pa. Cmwlth. 1982).

3

an hour before learning that the remand hearing had been continued. Claimant returned on October 24, 2014, and appeared with one witness at the remand hearing. Employer also appeared with two witnesses. Regarding his nonappearance at the August 5, 2014 Referee's hearing, Claimant testified:

R: . . . . And, sir, why didn't you appear at the August 5, 2014 hearing?

C: I did not receive a mailing or anything on it. I requested a new hearing. I received a mailing for the - - a new hearing date. I appeared here and it was continued and I had not received a Notice of Continuance either.

R: Are you referring to the Board Hearing? You received a notice for the Board hearing?

C: I received - - I did not receive a Notice for the Board Hearing. And then when I appealed it after getting the Decision, I received another date for another hearing. I appeared at that date and we sat here for - - my son and I for over an hour and another gentleman that was here at the time to testify. And we were then told there was a continuance because [Employer] could not make it to the hearing for whatever reason.

R: Okay. So you're saying that you did not receive the Notice for the initial hearing?

C: Correct.

R: But and then you did receive the Decision in the mail?

C: Yes, I did.

R: And you're saying you received the Notice for the first Board Hearing of October 1, 2014?

C: Yes, I did.

R: But you're saying you didn't receive the Notice of Continuance?

4

C: No, I did not.

R: Did you receive the Notice of Hearing for the hearing for today, October 24th?

C: Yes, I did. . . .

R: Now the address on record for all of those correspondences is the same, 60 Maple Avenue. . . .

C: Yes.

(Hr'g Tr., October 24, 2014, at 4-5, R.R. at 41a-42a.)

With respect to Claimant's nonappearance at the August 5, 2014 hearing, the Board found:

> [T]he claimant has not proven good cause for his nonappearance at the first Referee hearing. The Hearing Notice was mailed to the claimant's correct address and was not returned as undeliverable. Further, the claimant received the Referee's decision and order mailed to the same address. The claimant's denial alone is insufficient to overcome the presumption of receipt. Therefore, the Board has not considered the testimony offered at the remand hearing.

(Board Order.) On the merits, the Board adopted and incorporated the Referee's findings of fact and conclusions of law and affirmed the Referee's Decision finding Claimant ineligible for UC benefits pursuant to Section 402(e) of the Law. (Board Order.) Claimant now petitions this Court for review of the Board's Order.[4]

---

[4] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Compensation Board of Review,

*(Continued…)*

5

In support of this appeal, Claimant argues that the Board erred in finding that he did not prove good cause for his nonappearance at the August 5, 2014 Referee's hearing. Specifically, Claimant argues that the Board did not consider all of his evidence showing lack of notice. Claimant contends that the Post Office or another third party negligently handled his UC notices because, otherwise, he would have never missed the first Referee hearing on August 5, 2014, or waited at the UC Service Center with two witnesses for over an hour on October 1, 2014 before learning of the rescheduled remand hearing from UC Staff. Claimant argues that this history of non-receipt of UC mail, of which UC Staff was aware, overcomes the presumption of receipt of the initial hearing notice because the evidence, considered in its entirety, demonstrates a pattern of the Post Office or another third party negligently losing Claimant's notices.

The "mailbox rule" provides that evidence of a properly addressed, mailed notice creates a rebuttable presumption of receipt, so long as the carrier did not return the notice as undeliverable. Department of Transportation, Bureau of Driver Licensing v. Whitney, 575 A.2d 978, 979 (Pa. Cmwlth. 1990); Gaskins v. Unemployment Compensation Board of Review, 429 A.2d 138, 140-41 (Pa. Cmwlth. 1981). Thus, when the record indicates a properly mailed notice, the absent party has the burden of proving good cause for his nonappearance. Gaskins, 429 A.2d at 141. Pursuant to the Board's regulations, 34 Pa. Code § 101.104(c), an absent party should be provided the opportunity to rebut the presumption of receipt when such rebuttal can establish proper cause for not attending the

87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014).

Referee's hearing; however, the absent party's mere denial of receipt is insufficient to rebut the "mailbox rule" presumption. Volk v. Unemployment Compensation Board of Review, 49 A.3d 38, 42 (Pa. Cmwlth. 2012); Department of Transportation, Bureau of Driver Licensing v. Grasse, 606 A.2d 544, 545 (Pa. Cmwlth. 1992).

Claimant's burden at the remand hearing was to prove that the negligence of a disinterested third party, like the postal service, resulted in the non-receipt of the hearing notice and his subsequent nonappearance. Verdecchia v. Unemployment Compensation Board of Review, 657 A.2d 1341, 1344 (Pa. Cmwlth. 1995). Claimant's own negligence does not justify his absence. Sanders v. Unemployment Compensation Board of Review, 524 A.2d 1031, 1033 (Pa. Cmwlth. 1987).

During the remand hearing, Claimant denied receiving *two* notices: (1) notice of the August 5, 2014 hearing; and (2) notice that the October 1, 2014 remand hearing had been continued. Claimant testified that he, his son, and another witness waited for over an hour at the UC Service Center for the October 1, 2014 remand hearing to begin only to be informed by the UC Staff that it had been continued. (Hr'g Tr. at 4-5, R.R. at 41a-42a.) However, it appears that the Board did not address and make findings with respect to all of Claimant's evidence purporting to show that he did not receive the hearing notice. The Board's findings address only *one* notice and *one* hearing ("the claimant has not proven good cause for his nonappearance at the *first* Referee hearing" and "[t]he claimant's denial alone is insufficient to overcome the presumption of receipt") (Board Order).) The

7

Board did not address Claimant's testimony that he never received a *second* UC notice or that he appeared at the remand hearing before learning that it had been continued. Generally, as factfinder, the Board should specifically accept or reject all of the evidence presented by the parties in support of the issues being adjudicated. Because the Board only addressed a portion of the evidence presented by Claimant, and this evidence, if accepted as credible, could substantiate a pattern of non-receipt of UC notices that is greater than mere denial of a single notice, we remand this matter to the Board to consider the entirety of Claimant's evidence on the issue of whether he had good cause for his nonappearance at the August 5, 2014 hearing.

For the foregoing reasons, the Board's Order is vacated and this matter is remanded for proceedings consistent with this opinion.[5]

_____
**RENÉE COHN JUBELIRER, Judge**

Judge Leadbetter dissents.

_____

[5] Based on our disposition of Claimant's first issue, we need not address Claimant's second argument that the Board erred in not considering Claimant's testimony and evidence that he did not commit willful misconduct.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert G. Barton,          :
                                             :

                     Petitioner     :

                                               :

                   v.                   :     No. 21 C.D. 2015

                                               :

Unemployment Compensation    :

Board of Review,                  :

                                               :

                   Respondent    :

## O R D E R

**NOW**, September 17, 2015, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

Jurisdiction relinquished.

_____

**RENÉE COHN JUBELIRER, Judge**