IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Myers, III,                    :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :    No. 1275 C.D. 2018
                    Respondent           :    Submitted: April 11, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: May 3, 2019


        Robert E. Myers, III (Claimant) petitions for review of the August 2,
2018 order of the Unemployment Compensation Board of Review (Board) that
affirmed the referee's decision dismissing Claimant's Petition for Appeal (Appeal)
for failure to timely file the Appeal pursuant to Section 501(e) of the Unemployment
Compensation Law (Law),[1] which provides for a 15-day appeal period following the
mailing of a notice of determination by the Department of Labor and Industry
(Department) through an Unemployment Compensation Service Center. We affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
821(e).

Claimant began working for Capitol Copy (Employer) at Employer's Lancaster, Pennsylvania, location on December 15, 2014. *See* Notes of Testimony June 13, 2018 (N.T.) at 7.[2] Claimant's employment with Employer ended shortly thereafter when either Employer fired Claimant on December 19, 2014, or Claimant voluntarily quit by no-call/no-showing for his shift the following Monday, December 22, 2014.[3] N.T. at 7-9.

Thereafter, Claimant submitted an Application for Benefits (Application) via the internet, which the Department processed on December 29, 2014.[4] Referee's Findings of Fact (F.F.) No. 1;[5] N.T. at 10. As his mailing address on the Application, Claimant provided the address of the Camp Hill, Pennsylvania, home of a friend with whom he was staying after his mother threw him out of her Harrisburg, Pennsylvania, home on the morning of December 19, 2014. N.T. at 11. On January 5, 2015, Employer completed and filed a Request for Relief from Charges, claiming that Claimant quit on December 22, 2014, when he failed to report

---

[2] Prior to the events of the instant appeal, Claimant previously worked for Employer at its location in Harrisburg, Pennsylvania, but had left for a time to work for a different employer, Ratt Incorporated d/b/a Orkin. N.T. at 6 & 16. After Claimant left Orkin, Employer rehired Claimant, who began work on December 15, 2014 at Employer's Lancaster location because no jobs were then available at Employer's Harrisburg location. N.T. at 7 & 16-17.

[3] The referee and the Board disposed of this appeal on timeliness grounds and thus did not make any factual determinations regarding the merits of Claimant's underlying claims. *See generally* Board's Order dated August 2, 2018 (Board Order); Referee's Decision dated June 15, 2018 (Referee's Decision).

[4] Because he believed he could not claim unemployment compensation through Employer without first having worked six pay periods, Claimant listed his prior employer, Orkin, as his separating employer on the Application. Findings of Fact (F.F.) No. 1; N.T. at 10.

[5] The Board adopted and incorporated the referee's findings of facts and conclusions in its order affirming the referee's decision. *See* Board Order dated August 2, 2018.

for his shift. F.F. No. 3; Claim Record, Reproduced Record (R.R.) at 8. Claimant began to receive unemployment compensation (UC) benefits beginning with the waiting week ending December 27, 2014. F.F. No. 8; Claim Record, R.R. at 3.

Sometime in May 2015, Claimant returned to work for Employer at Employer's Harrisburg location.[6] N.T. at 11. Also, upon returning to work with Employer, Claimant's mother allowed him to return to and reside in her home in Harrisburg. N.T. at 11. Claimant neither forwarded his mail from his Camp Hill mailing address nor updated his mailing address with the Department. N.T. at 12.

On October 14, 2015, the Department's Employers' Charge Unit identified a separation issue regarding the payment of Claimant's UC benefits and forwarded the information to the Department's Harrisburg Overflow Center (HOC). F.F. No. 4; *see also* Claim Record, R.R. at 7-8. The HOC mailed Employer and Claimant fact-finding forms on October 15, 2015, with instructions to complete and return the forms by October 22, 2015. F.F. No. 5; R.R. at 7-8. On October 20, 2015, Employer returned the fact-finding form, completed only to the extent that Employer had written notations reading "NO CONTEST" and "I DO NOT WISH TO CONTEST" upon the form. F.F. No. 6; R.R. at 8. Claimant did not return a completed fact-finding form. F.F. No. 7; R.R. at 8.

On December 9, 2016, the HOC issued multiple determinations. *See* F.F. Nos. 8-10; *see also* R.R. at 7-8 & 27-36. First, the HOC issued a Notice of Determination that found Claimant was ineligible for UC benefits pursuant to

---

[6] Claimant stopped submitting biweekly claims, and thus stopped receiving UC benefits, in mid-May 2015. *See* Claim Record, R.R. at 3.

3

Section 402(b) of the Law[7] beginning with the waiting week ending December 27, 2014. F.F. No. 8; R.R. at 7-8 & 27-29. The HOC issued another Notice of Determination of Overpayment of Benefits that found Claimant received a total of $5,719.00 in UC benefits to which he was not entitled for the claim weeks ending January 3, 2015 through May 9, 2015. F.F. No. 9; R.R. at 7-8 & 30-32. The Notice of Determination of Overpayment of Benefits further classified the amount of UC benefits Claimant received as a fault overpayment under Section 804(a) of the Law.[8] F.F. No. 9; R.R. at 7-8, 30 & 35-36. Finally, the HOC issued a Notice of 15% Penalty Determination penalizing Claimant 21 weeks of benefits to which he would be entitled under Section 801(b) of the Law[9] and imposing an $857.85 penalty pursuant

---

[7] Section 402(b) of the Law provides that an employee shall be ineligible to receive UC benefits in any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b).

[8] Section 804(a) of the Law provides for the repayment of fault overpayments, in pertinent part, as follows:

> (a) Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest[.]

43 P.S. § 874(a).

[9] Section 801(b) of the Law provides for UC benefit disqualification periods based on fault overpayments, in pertinent part, as follows:

> (b) Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act or under an employment security law of any other state or of the Federal Government or of a foreign government, may be disqualified in addition to such week or weeks of improper payments for a penalty period of five weeks and for not more than one additional week for each such week of improper payment . . . The penalty weeks herein

4

to Section 801(c) of the Law.[10] F.F. No. 10; R.R. at 7-8 & 33-34. The determinations informed Claimant that he had 15 days, or until December 27, 2016, to appeal if he disagreed with the determinations. F.F. Nos. 13 & 14; R.R. at 27-29. The HOC mailed the determinations to Claimant's last known mailing address at his friend's house in Camp Hill, and the determinations were not returned as undeliverable. F.F. No. 11; N.T. at 12; R.R. at 7. Claimant, who had moved back to his mother's house in May 2015 without forwarding his mail or changing his mailing address with the Department, did not receive the notices and did not appeal the determinations within the 15-day appeal period. N.T. at 12 & 15.

Claimant finally became aware of the December 2016 denial of benefits, overpayment, and 15% penalty in mid-April of 2018, when he was informed that his tax return would be confiscated to repay the fault overpayment. N.T. at 12-13. On April 16, 2018, Claimant contacted the HOC to inquire about the overpayment and was informed as to the overpayment and recoupment requirements

---

provided for shall be imposed against any weeks with respect to which the claimant would otherwise be eligible for compensation, under the provisions of this act[.]

43 P.S. § 871(b).

[10] Section 801(c) of the Law provides for fault overpayment fines, in pertinent part, as follows:

(c) Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase compensation or other payment under this act or under an employment security law of the Federal Government and as a result receives compensation to which he is not entitled shall be liable to pay to the Unemployment Compensation Fund a sum equal to fifteen per centum (15%) of the amount of the compensation.

43 P.S. § 871(c).

and his appeal rights. F.F. Nos. 17 & 18; R.R. at 7. Claimant also updated his address to his correct Harrisburg mailing address on April 16, 2018. F.F. No. 16; R.R. at 7. Personnel at the HOC again advised Claimant of the overpayment and his appeal rights a week later, on April 23, 2018. F.F. No. 19; R.R. at 7. HOC personnel again spoke with Claimant on April 26, 2018, when he called and stated he had not received the determinations. F.F. No. 20; R.R. at 7.

Ultimately, Claimant appealed the determinations on May 21, 2018. F.F. No. 21; R.R. at 38-41. After conducting a hearing on June 13, 2018, the referee issued a decision and order on June 15, 2018 that disposed of Claimant's appeal on grounds that it was untimely. *See* Referee's Decision, R.R. at 86-91. Claimant filed a Petition for Appeal on June 29, 2018, and the Board affirmed the Referee's Decision by order dated August 2, 2018. *See* Petition for Appeal, R.R. at 93-97; Board Order, R.R. at 99. Claimant then petitioned this Court for review.[11]

Claimant purports to raise eight claims for this Court's review.[12] Claimant's first six issues argue that the Board erred in affirming the referee's determination that Claimant's appeal was untimely filed. We disagree.

---

[11] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[12] Claimant lists the following issues:

> A. Whether the [Board] committed error in affirming the Referee's Order which denied [Claimant's] appeal from the HOC's Determination[s] from December 9, 2016 as untimely because the record developed by the Referee does not support such a finding?
>
> B. Whether the [Board] committed error when it asserted that [Claimant] was negligent in updating his address with the Department in April of 2018 when the Referee made no finding?

6

Initially, "[t]he Board's findings of fact are conclusive on appeal . . . so long as the record taken as a whole contains substantial evidence to support them." *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013) (citing *Penflex, Inc. v. Bryson,* 485 A.2d 359, 365 (Pa. 1984)). "Substantial evidence is correctly defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1387 (Pa. 1985) (quoting *Murphy v. Dep't of Pub. Welfare*, 480 A.2d 382, 386 (Pa. Cmwlth. 1984)). "In determining whether there is substantial

C. Whether the [Board] committed error in affirming the Referee's Decision when the Referee made no finding of fact as to when [Claimant] was served the HOC's determinations?

D. Whether the [Board] committed error when it affirmed the Referee's Decision which relied on a finding that all three of the HOC's Determination[s] were not returned as undeliverable as that finding was unsupported by the Referee's own statements?

E. Whether the [Board] committed error when it affirmed the Referee's Order when there was not sufficient evidence to support the finding that the filing of the "late" appeal was not caused by fraud or its equivalent by the administrative authorities or breakdown in the appellant [sic] system?

F. Whether the [Board] committed error when it affirmed the Referee's Order when there was not sufficient evidence to support the finding that the delay in the appeal was due to the negligence of [Claimant]?

G. Whether the [Board] committed [an] error of law by affirming the Referee's Order which was premised on unsupported and inappropriate denial of [Claimant's] Unemployment Compensation [b]enefits?

H. Whether it was an error to deny [Claimant] Unemployment compensation benefits?

Claimant's Brief at 5-6.

7

evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Henderson*, 77 A.3d at 718.

Section 501(e) of the Law requires that a claimant appeal from an adverse Department determination within 15 days of the mailing of notice of such a determination to the claimant's last known address. 43 P.S. § 821(e).[13] "Failure to timely appeal an administrative agency's decision constitutes a jurisdictional defect." *Russo v. Unemployment Comp. Bd. of Review*, 13 A.3d 1000, 1002 (Pa. Cmwlth. 2010). "The appeal provisions of the [L]aw are mandatory: failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Dumberth v. Unemployment Comp. Bd. of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (quoting *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review,* 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

> If an appeal is not filed within fifteen days of the mailing of the determination, it becomes final, and the Board does not have the requisite jurisdiction to consider the matter. Appeal periods, even at the administrative level, are

---

[13] Specifically, Section 501(e) provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d),[] within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e).

jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action. Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely.

*Id.* (internal citations omitted). The Board may, however, entertain an untimely appeal in very limited circumstances. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory. [A claimant] may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay. Failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal.

*Id.* (internal citations, brackets, and quotations omitted).

Additionally,

[i]f there is evidence in the record that the determination of the [Department] was mailed to the claimant's last known address, and that the notice was not returned to the [Department] by the postal officials as undeliverable, then there is a presumption of the regularity of administrative acts of public officials which the referee may invoke in reaching a determination that the claimant did have proper notice.

*Gaskins v. Unemployment Comp. Bd. of Review*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981). This Court has found that a failure to update a mailing address or forward

mail to a new address does not excuse a claimant's failure to timely file an appeal. *See Maloy v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 1009 C.D. 2015, filed Apr. 13, 2016),[14] slip op. at 2 (finding claimant's failure to forward mail after moving did not excuse failure to file a timely appeal); *S.L., Jr. v. Dep't of Pub. Welfare* (Pa. Cmwlth., No. 2190 C.D. 2014, filed Sept. 3, 2015), slip op. at 6 (denying *nunc pro tunc* relief where delay attributable to petitioner's failure to advise of address change or forward mail).

Taken as a whole, the record in this case contains substantial evidence to support the Board's findings of fact. Claimant's own testimony at the hearing revealed that, when he applied for UC benefits at the end of December 2014, Claimant provided as his mailing address the address of his friend's home in Camp Hill, where he had moved after his mother revoked permission for him to stay within her Harrisburg home on December 19, 2014. N.T. at 10-11 & 15-16. Claimant explained that, when he moved back to his mother's house in Harrisburg upon recommencing work with Employer in May 2015, he did not forward his mail or update his address with the UC Service Center. N.T. at 11 & 15-16. Claimant testified that he only notified the Department of his change of address on April 16, 2018, when he contacted the HOC after learning that his tax refund had been confiscated to cover his UC overpayment. N.T. at 12-13 & 16.

The Claim Record entered into evidence revealed that, on December 9, 2016, all three December 9, 2016 determinations were mailed to Claimant at his last known address in Camp Hill. N.T. at 3; R.R. at 7. The Claim Record corroborated that Claimant's mailing address of record remained the Camp Hill address until April

---

[14] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

16, 2018. R.R. at 7. Further, the determinations themselves explained that Claimant's last day to timely appeal was December 27, 2016. N.T. at 3; R.R. at 27.

The hearing testimony further revealed, and the Claim Record confirmed, that when Claimant contacted the HOC on April 16, 2018, HOC personnel advised him of the overpayment and recoupment and the appeal requirements. N.T. at 13 & 16; R.R. at 7. HOC personnel again notified Claimant of the appeal requirements during a second conversation on April 23, 2018 and a third call on April 26, 2018. N.T. at 13 & 16; R.R. at 7. Claimant conceded that the HOC informed him of the appeal requirements multiple times during these conversations. N.T. at 13 & 16. Claimant further testified he did not mail his appeal until May 21, 2018, because he was attempting to acquire documents. N.T. at 13-14 & 16.

Based on the above evidence, we conclude that substantial evidence existed to support the Board's necessary findings of fact that Claimant filed his appeal in the instant matter well after December 27, 2016 and, thus, untimely. The Department sent the determinations on December 9, 2016 to Claimant's last known address, the Camp Hill address he had put on the Application for UC benefits in December of 2014. Claimant did not update his mailing address when he moved away from the Camp Hill address in May 2015. Claimant's own negligence in failing to update his mailing address cannot serve as an excuse for his failure to timely comply with appeal time limitations. *See Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 845–46 (Pa. Cmwlth. 2017) (noting that a claimant's own negligence cannot remedy untimely filed appeal).[15] Further, despite

_____

[15] Even were we to assume that Claimant's 15-day appeal period somehow reset when he called and informed the HOC on April 16, 2018 that he had not received the determinations and gave them his new address, Claimant still did not timely appeal. Even giving Claimant the benefit

11

Claimant's arguments to the contrary, no record evidence exists that his untimely appeal was due to "the administrative authority engag[ing] in fraudulent behavior or manifestly wrongful or negligent conduct[,]" or "non-negligent conduct beyond [Claimant's] control[.]"[16] *Hessou*, 942 A.2d at 198. Because Claimant filed his appeal after the expiration of the Section 501(e) 15-day deadline, we hold that the Board did not err in concluding that Claimant untimely filed his appeal. Accordingly, we affirm the Board's decision affirming the Referee's Decision that dismissed Claimant's appeal as untimely.[17]

_____
CHRISTINE FIZZANO CANNON, Judge

---

of the April 26, 2018 date when he last spoke with the HOC after having been informed of his appeal obligations, Claimant *still* did not mail his appeal until May 21, 2018, 25 days later. Claimant's own negligence cannot excuse his failure to timely comply with required appeal periods. *See Constantini*, 173 A.3d at 845–46. Therefore, even measuring from the period when Claimant alleges he discovered the benefit denial and overpayment and penalty determinations, Claimant failed to timely file his appeal in this matter.

[16] To the extent Claimant argues two of the three determinations were returned as undeliverable, we do not agree that the evidence supports such a conclusion. Viewing the evidence in the light most favorable to the Department, as we must in this instance, *see Henderson*, 77 A.3d at 718, we note that the Claim Record materials confirm that the determinations were mailed to Claimant's last known address and not returned as undeliverable. R.R. at 7.

[17] Given our determination on the timeliness question, we need not discuss herein Claimant's remaining claims pertaining to the merits of the underlying UC benefits determination.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert E. Myers, III,                    :
                    Petitioner           :
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :    No. 1275 C.D. 2018
                    Respondent           :

O R D E R

AND NOW, this 3rd day of May, 2019, the order of the Unemployment Compensation Board of Review dated August 2, 2018 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge