# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rebecca Grimwood, | : | **CASES CONSOLIDATED** |
| | : | Nos. 12 C.D. 2023 |
| Petitioner | : | 13 C.D. 2023 |
| v. | : | 14 C.D. 2023 |
| | : | 15 C.D. 2023 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | Submitted: May 7, 2024 |


BEFORE: HONORABLE ANNE E. COVEY, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MATTHEW S. WOLF, Judge


**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                                                               FILED: June 7, 2024

Rebecca Grimwood (Claimant) petitions for review from four determinations of the Unemployment Compensation Board of Review (Board), which affirmed four Referee determinations dismissing her appeals as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] We affirm.

## BACKGROUND

Claimant filed an application for unemployment compensation benefits on March 15, 2020. The UC Service Center (Service Center) issued four Notices of Determination (determinations) with a mailing date of July 15, 2021, finding

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

Claimant ineligible for benefits pursuant to Sections 402(h)[2] and 4(*l*)(2)(B)[3] of the Law, assessing a non-fault overpayment pursuant to Section 804(b)(1) of the Law,[4] and assessing a non-fraud overpayment of Federal Pandemic Unemployment Compensation (FPUC) benefits under Section 2104(f) of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).[5] Certified Record (C.R.) at 19-65. Claimant filed appeals from each of the determinations on May 23, 2022. C.R. at 67-76.

In her appeals of the Service Center determinations, Claimant stated: "I am filing an appeal because I never [overstated] my need (in fact I understated my need). Having to pay this back would cripple my family and my business." C.R. at 67. Claimant further provided "I am filing an appeal due to the fact I never [overstated] my need-I actually could have filed for more help. Paying this back would cripple my family[.]" *Id.* at 70.

A hearing was held before the Referee on June 14, 2022. Following the hearing, the Referee issued four identical determinations finding as follows.[6]

1. On July 15, 2021, four Notices of Determination were issued, finding [Claimant] ineligible for Unemployment Compensation (UC) benefits under Section 402(h) of the Law and assessed overpayments under Sections 804(b) [of the Law] and 2104(f) of the CARES Act.

---

[2] 43 P.S. § 802(h).

[3] 43 P.S. § 753(*l*)(2)(B).

[4] 43 P.S. § 874(b)(1).

[5] 15 U.S.C. § 9023(f).

[6] The Referee's determinations are found at pages 132-167 of the Certified Record.

2. Copies of the Determinations were mailed by the Department [of Labor and Industry (Department)] according to [Claimant's] preferred method of communication on the above date and provided in [Claimant's] website portal.

3. The Notices of Determination were not returned as undeliverable.

4. The Notices of Determination informed Claimant that she had until July 30, 2021, to file an appeal if [Claimant] disagreed with the determinations[.]

5. [Claimant] filed the appeal by email with a sent date of May 23, 2022.

6. [Claimant] was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

Referee's Findings of Fact (F.F.) Nos. 1-6, C.R. at 133, 142, 151, and 160.

The Referee reasoned:

Section 501(e) of the Law[,] [42 P.S. § 821(e)], provides that a Notice of Determination shall become final, and compensation shall be paid or denied in accordance therewith unless an appeal is filed within the designated period after proper notification of said determination has been given to all affected parties.

The Pennsylvania Courts have consistently held that, absent a breakdown in the administrative process, a party's testimony is not sufficient to prove timeliness of an appeal.

In the case, [Claimant] was unable to provide any evidence or competent testimony that she filed an appeal prior to the appeal dated May 23, 2022, after receiving the notices of determination at appeal in the case. Although [Claimant] did attend the hearing, the Referee has no competent evidence regarding the late appeal to consider the appeal as timely filed as [Claimant's] testimony was vague. The provisions of this Section of the Law are mandatory, and

the Referee has no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period. Therefore, Claimant's appeal is dismissed.

Referee's Reasoning, C.R. at 133, 142, 151, and 160.

Claimant appealed the Referee's determinations. In those appeals, Claimant stated the following as her basis for seeking review:

I was given instructions to file an [appeal] no later than July 25, 2022. Let this email serve as my official appeal request due to the fact I have been attempting to login for three days and either your site is down[,] or my login info [sic] is not working and the reset links are also down.

C.R. at 172, 176, 180, and 184.

On appeal, the Board affirmed, adopting and incorporating the Referee's findings and conclusions. The Board's decisions emphasize that on appeal, Claimant did not argue that her appeal was timely filed or that she was entitled to *nunc pro tunc* relief.[7]

Claimant filed four petitions for review with this Court.[8] On April 19, 2023, this Court issued an order consolidating the petitions for review.

---

[7] In limited circumstances, a limitations period can be waived and an appeal considered timely as *nunc pro tunc*, or "now for then." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). An appeal *nunc pro tunc* is only warranted, however, in extraordinary circumstances "involving fraud or some breakdown in the court's operation," or where the delay is caused by non-negligent circumstances either by the claimant or a third party. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996) (internal quotations omitted) (quoting *Bass v. Cmwlth.*, 401 A.2d 1133, 1135 (Pa. 1979)).

[8] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

**ISSUES**

Claimant argues the record is devoid of any evidence that the Service Center's July 15, 2021 determinations were *actually* mailed. As a result, the Board erred in accepting the Referee's findings and relying on the "Mailbox Rule."

**DISCUSSION**

At the time of Claimant's appeals to the Referee, Section 501(e) of the Law directed claimants to file an appeal within 15 days of receiving a notice of determination from the Board.[9] A determination becomes final and the Board does not have jurisdiction to consider an appeal once the deadline lapses. *Darroch v. Unemployment Comp. Bd. of Rev.*, 627 A.2d 1235, 1237 (Pa. Cmwlth. 1993). Failure to appeal before the mandatory deadline creates a jurisdictional defect this Court cannot overlook even "as a matter of grace or indulgence." *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018).

When a determination is mailed to a claimant's last known address and is not returned as undeliverable, "there is a presumption of the regularity of administrative acts of public officials which the referee may invoke in reaching a determination that the claimant did have proper notice." *Gaskins v. Unemployment Comp. Bd. of Rev.*, 429 A.2d 138, 140 (Pa. Cmwlth. 1981). Merely denying receipt of a determination is not sufficient to defeat the presumption. *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005).

Claimant argues that the presumption of mailing, i.e., the Mailbox Rule, never arose in this case because the Service Center determinations were never

---

[9] Act 30 of 2021 amended Section 501(e) of the Law and increased the deadline to timely file an appeal of a Referee's decision from 15 to 21 days. The amendment was not yet effective at the time of Claimant's appeals.

mailed. She asserts that this case is analogous to *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188 (Pa. Cmwlth. 2016). In *Douglas*, the Board also relied on the Mailbox Rule to reach the conclusion that the claimant filed an untimely appeal from a Service Center determination. This Court held, however, that the Board erred in applying the Mailbox Rule because the claimant, in addition to contending that she did not receive the Service Center determination, also argued that the determination *was not mailed*; thus, the claimant disputed the basis giving rise to the presumption that she received notice.

> The *Douglas* court explained:
>
>> In *Blast Intermediate Unit # 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447 (Pa. Cmwlth. 1993), this Court recognized two component presumptions, both rebuttable, that arise when a party challenges a public official's claim to have placed an order in the mail: (1) the presumption of the regularity of the acts of public officials (which is used to establish that a public official placed an item into the mail); and (2) the presumption of receipt (*i.e.*, that a properly mailed letter to the last known address of the addressee which is not returned undelivered by the postal authorities was timely received by the addressee—*i.e.*, the mailbox rule). *See Blast*, 645 A.2d at 449. We explained that the two presumptions are applied separately and that there must be some evidence to support the first presumption before the second presumption may be applied. In other words, "the presumption of receipt is 'inapplicable' in the absence of proof that the notice was mailed. '[U]ntil there is proof that a letter was mailed, there can be no presumption that it was received.'" *Id.* (quoting *Leight v. Unemployment Comp. Bd. of* [*Rev.*], 410 A.2d 1307, 1309 (Pa. Cmwlth. 1980) (alteration in original)).

*Id.* at 1192.

Important here, the claimant in *Douglas* actually raised the issue of mailing before the Referee and the Board. Indeed, the *Douglas* Court held that the

6

mail date on the determination was not sufficient proof of mailing "in the face of a challenge." *Id.* at 1193.

In *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 734 (Pa. Cmwlth. 2003), this Court recognized that an issue is waived unless it is preserved at every stage of the proceeding. Furthermore, in *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179, 180 (Pa. 1981), our Supreme Court established that the waiver doctrine was applicable to unemployment compensation cases. *See also Watkins v. Unemployment Comp. Bd. of Rev.*, 751 A.2d 1224, 1226 (Pa. Cmwlth. 2000) (an unemployment compensation claimant waives review of an issue by neglecting to raise and preserve it before the referee); *Dehus v. Unemployment Comp. Bd. of Rev.*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988).

Here, Claimant's appeal documents to the Referee and Board challenge the negative impact the overpayment ruling will have on her family and business, as well as the challenges she faced in bringing the appeals. C.R. at 67, 172, 176, 180, and 184. Absent from these documents is any assertion that the Service Center determinations were not mailed. The same can be said of Claimant's testimony before the Referee. While Claimant tesified that she did not receive the Service Center determinations, *see* C.R. at 121-22, she *did not* testify that the determinations *were not mailed*.

Unlike the Court in *Douglas*, we are not faced with a situation where a challenge to mailing was preserved. Because Claimant did not raise the issue until her appeal to this Court, it has clearly been waived.

7

## CONCLUSION

Claimant has waived the issue of whether the Service Center's determinations were mailed. Accordingly, the Board properly applied the Mailbox Rule in this case. Because the record reflects that the Service Center determinations were mailed to Claimant's last known address and not returned as undeliverable, there is a presumption that Claimant received the determinations. Furthermore, as Claimant's appeals to the Referee were not filed within Section 501(e)'s time constraints, and Claimant failed to raise an issue that she was entitled to *nunc pro tunc* relief, we must affirm the Board's determinations.[10]

_____
MATTHEW S. WOLF, Judge

---

[10] In light of our disposition, we will not address Claimant's remaining argument.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Rebecca Grimwood, | : | **CASES CONSOLIDATED** |
| | : | Nos.  12 C.D. 2023 |
| Petitioner | : | 13 C.D. 2023 |
| v. | : | 14 C.D. 2023 |
| | : | 15 C.D. 2023 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 7th day of June 2024, the December 9, 2022 determinations of the Unemployment Compensation Board of Review are AFFIRMED.

_____
MATTHEW S. WOLF, Judge